ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| SKIPJACK HOLDINGS, LLC; SUPER ASPHALT PAVEMENT, CORP.<br><br>Parte Apelante<br><br>v.<br><br>GREGORY JAMES MAZZA DE VORSKE; KATHERINE CADENA VEGA T/C/C KATHERINE MAZZA Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; MARCO PHILIP MAZZA DE VORSKE, VILMA MORALES Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; DIANA MICHELLE MAZZA DE VORSKE Y JESÚS BRITO GARCÍA, Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; MAZZA FAMILY TRUST, SU FIDUCIARIO FULANO DE TAL Y SUS BENEFICIARIOS; FRANCISCO ARIAS, SU ESPOSA FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; Y JUAN VÁZQUEZ DONIS<br><br>Parte Apelada | TA2026AP00339 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV04173<br><br>Sobre: Incumplimiento de Contrato, Dolo, Daños, Cobro de Dinero, Acción Rescisoria o Pauliana |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de junio de 2026.

Comparecen ante *nos* Skipjack Holdings, LLC. (Skipjack) y Super Asphalt Pavement, Corp. (Super Asphalt) (en conjunto, los apelantes) y nos solicitan que revisemos una *Sentencia Parcial* emitida y notificada el 6 de febrero de 2026, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Bayamón. Mediante dicho dictamen, el foro primario declaró *Con Lugar* la

*Oposición del Codemandado Juan Vázquez a Solicitud de Embargo Preventivo y Solicitud de Desestimación [...].*

Por los fundamentos que expondremos a continuación, *confirmamos* la *Sentencia Parcial* recurrida.

**I.**

El 7 de agosto de 2025, la parte apelante incoo una *Demanda* sobre incumplimiento de contrato, dolo, daños, acción rescisoria y cobro de dinero en contra de Juan Vázquez (apelado) y otros. El 2 de septiembre de 2025, la apelante presentó una *Demanda Enmendada.* Así las cosas, el 21 de octubre de 2025, el apelado presentó una *Contestación a la Demanda Enmendada.*

Subsiguientemente, el 4 de noviembre de 2025, el apelado presentó una *Oposición del Codemandado Juan Vázquez a Solicitud de Embargo Preventivo y Solicitud de Desestimación [...].* En ajustada síntesis, solicitó la desestimación de la *Demanda* presentada en su contra por dejar de exponer una reclamación que justifique la concesión de un remedio. Alegó que, no existe una causa de acción en su contra, pues fue parte compradora de las acciones y está en la misma posición de Skipjack. Asimismo, adujo que no es responsable del presunto fraude cometido por los hermanos Mazza, pues no era ni fue parte del *Stock Purchase Agreement* (SPA), tampoco tenía acceso a los libros de SAP, ni conocimiento del valor real de la empresa. Agregó que, no fue parte de la contratación o negociación ni de las empresas envueltas en la reclamación incoada.

El 5 de diciembre de 2025, la parte apelante presentó una *Oposición a Solicitud de Desestimación [...].* A grandes rasgos, arguyó que no procedía la desestimación de la *Demanda.* Sostuvo que Gregory Mazza y Francisco Arias abandonaron Tallaboa Holdings, LLC., empresa perteneciente a Juan Vázquez, cinco (5) días después de haberse acordado los términos del SPA; colocando dichos activos fuera del alcance del acuerdo y eliminando dicho tema de la mesa

de negociación. Adujo que, el apelado sabía o debía saber de la participación de Gregory Mazza y Francisco en Tallaboa Holdings, LLC., al momento de celebrar el acuerdo y que estos, durante la negociación, habían cedido sus participaciones. Añadió que, los hechos de la *Demanda* demostraban que el apelado pudo haber sido parte del esquema fraudulento realizado por los hermanos Mazza y Francisco Arias de desinformación, fraude y dolo.

Posteriormente, el 6 de febrero de 2026, el foro primario emitió una *Sentencia Parcial* mediante la cual desestimó la *Demanda* presentada en contra de la parte apelada. Así, el TPI determinó que la parte apelante no expuso hechos suficientes que, de ser probados, establezcan una causa de acción plausible en contra del apelado. Razonó que, aun aceptando como ciertos los hechos bien alegados de la *Demanda,* las alegaciones dirigidas en contra del apelado no describen conducta activa u omisiva alguna que permita inferir responsabilidad legal, ni demuestran que este haya participado en las negociaciones, representaciones o determinaciones financieras que dieron lugar a los daños reclamados.

Asimismo, expresó que las imputaciones formuladas descansan en conjeturas y conclusiones generales que no satisfacen el requisito de hechos demostrativos exigido por la Regla 6.1 de Procedimiento Civil. Destacó que, no se desprende de la *Demanda* la existencia de un deber jurídico o contractual independiente que obligara al apelado a divulgar información financiera de SAP, ni se establece un nexo causal entre su alegada omisión y la reducción de valor económico reclamada por la parte apelante.

En desacuerdo, el 23 de febrero de 2026, la parte apelante presentó una *Moción de Reconsideración de Sentencia Parcial.* El 2 de marzo de 2026, el apelado presentó una *Moción en Cumplimiento de Orden y Oposición a Moción de Reconsideración.* Acto seguido, el 3 de marzo de 2025, el TPI emitió una *Resolución* mediante la cual declaró no ha lugar la solicitud de reconsideración.

Inconforme aun, el 6 de abril de 2026, la parte apelante compareció ante *nos* mediante un recurso de *Apelación* y alegó la comisión de los siguientes errores:

> PRIMER ERROR: ERRÓ EL TPI AL CONCEDER LA MOCIÓN DE DESESTIMACIÓN DEL SEÑOR VÁZQUEZ TODA VEZ QUE ESTA NO CUMPLÍA CON LOS ESTÁNDARES DE UNA MOCIÓN DE DESESTIMACIÓN.
>
> SEGUNDO ERROR: ERRÓ EL TPI AL DETERMINAR QUE LA DEMANDA ENMENDADA NO CONTENÍA ALEGACIONES SUFICIENTES QUE JUSTIFICARAN LA CONCESIÓN DE UN REMEDIO EN CONTRA DEL SEÑOR VÁZQUEZ.

Examinado el recurso ante nuestra consideración, el 10 de abril de 2026, emitimos una *Resolución* mediante la cual le concedimos a la parte apelada un término de veinte (20) días para fijar su posición al recurso. Luego, el 26 de mayo de 2026, la parte apelada presentó un *Alegato de la Parte Apelada*. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II.

### A. Desestimación

La Regla 10.2 de Procedimiento Civil (32 LPRA Ap. V) le permite al demandado solicitar que se desestime la demanda en su contra antes de contestarla. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis de Puerto Rico, Inc., 2010, pág. 266. La precitada regla dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra*.

Así pues, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se

encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra*. Véase, además, *Saint Mary Investments, LLC. v. Denton Morales y otros*, 2026 TSPR 35, 218 DPR ___ (2026); *Costas Elena y otros v. Magic Sport Culinary Corp. y otros*, 213 DPR 523 (2024); *Bonnelly Sagrado v. United Surety*, 207 DPR 715 (2021).

Ante una moción de desestimación fundamentada en la referida regla, "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384 (2022). Véase, además, *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994). Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Saint Mary Investments, LLC. v. Denton Morales y otros, supra*; *Costas Elena y otros v. Magic Sport Culinary Corp. y otros, supra*.

Asimismo, deberá interpretar las alegaciones de forma conjunta, liberal y de la manera más favorable posible en favor del demandante. *Bonnelly Sagrado v. United Surety, supra; Torres v. Torres et al.*, 179 DPR 481 (2010). De hecho, tampoco procede la desestimación de la demanda si esta es susceptible de ser enmendada. *Clemente v. Dept. de la Vivienda*, 114 DPR 763 (1983). A esos efectos, la Regla 13.1 de Procedimiento Civil (32 LPRA Ap. V), permite a las partes en un pleito enmendar sus alegaciones para incluir cuestiones omitidas o clarificar reclamaciones previamente interpuestas. *Saint Mary Investments, LLC. v. Denton Morales y otros, supra*, citando a *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184 (2012).

Al atender este tipo de moción, el tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil (32 LPRA Ap. V), la demanda sólo tiene que contener "una relación

sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio", por lo que la norma procesal que rige establece que las alegaciones solo buscan "notificarle a la parte demandada a grandes rasgos, cuáles son las reclamaciones en su contra." *Torres v. Torres et al.*, *supra*, pág. 501. Así, para que una moción de desestimación pueda prosperar, se tiene que demostrar de forma certera que el demandante no tiene derecho a remedio alguno, bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Inmob. Baleares et al. v. Benabe et al.*, 214 DPR 1109 (2024). Véase, además, *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384 (2022); *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407 (2012); *Aut. Tierras v. Moreno & Ruiz Dev. Corp*, *supra*, pág. 428. Por consiguiente, el asunto a considerar es, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R.*, *supra*, pág. 505.

### III.

En su recurso, la parte apelante aduce que erró el TPI al conceder la solicitud de desestimación del apelado, toda vez que esta no cumplía con los estándares de una moción de desestimación. Asimismo, sostiene que erró el foro primario al determinar que la *Demanda Enmendada* no contenía alegaciones suficientes que justificaran la concesión de un remedio en contra del apelado. Por estar íntimamente relacionados, discutiremos ambos señalamientos de error de forma conjunta. *Veamos.*

Según indicáramos previamente, al evaluar una solicitud de desestimación que imputa que las alegaciones del demandante dejan de exponer una reclamación que justifique la concesión de un remedio, el Tribunal viene obligado a tomar como ciertos los hechos

bien alegados en la demanda y se interpretarán las alegaciones en la forma más favorable para el demandante. Véase, *Bonnelly Sagrado v. United Surety, supra.* Además, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Saint Mary Investments, LLC. v. Denton Morales y otros, supra.*

Así pues, para que una moción de desestimación pueda prosperar, se tiene que demostrar de forma certera que el demandante no tiene derecho a remedio alguno, bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Inmob. Baleares et al. v. Benabe et al., supra.*

Luego de un estudio minucioso de la *Demanda Enmendada,* resulta forzoso concluir que la determinación de foro primario fue acertada. Tomadas como ciertas las alegaciones esgrimidas por la parte apelante, y como cuestión de derecho, concluimos que las alegaciones de la *Demanda Enmendada* dirigidas en contra del apelado no imputan responsabilidad legal a este. Tampoco demuestran que el apelado haya participado en las negociaciones, representaciones o determinaciones financieras que dieron lugar a los daños reclamados.

Así, las imputaciones formuladas en contra de la parte apelada se sostienen en conclusiones generales que no satisfacen los requisitos establecidos en la Regla 6.1 de Procedimiento Civil, *supra.*

Asimismo, se desprende de la *Demanda Enmendada* que el apelado compareció al SPA como parte compradora, por lo cual, no fue la parte que vendió las acciones ni realizó representación alguna a Skipjack, para inducirla a comprar las acciones de Super Asphalt. Así pues, topado con una solicitud de desestimación que imputa que las alegaciones de la parte apelante dejan de exponer una reclamación que justifique la concesión de un remedio, el TPI tomó como ciertos los hechos bien alegados en la *Demanda Enmendada* e

interpretó las alegaciones en la forma más favorable para la parte apelante. Por consiguiente, concluyó, correctamente, que de las mismas no se desprende la existencia de un deber jurídico o contractual independiente que obligara al apelado a divulgar información financiera de Super Asphalt, ni hay un nexo causal entre la presunta omisión y la reducción de valor económico reclamada por la parte apelante.

Indiscutiblemente, al no surgir de las alegaciones una reclamación que justifique la concesión de un remedio en contra de la parte apelada, procede la desestimación de la *Demanda Enmendada* presentada en su contra.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Sentencia Parcial* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones